IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| TESS RHODUS, | : | Case No. 1:19-cv-217 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Stephanie K. Bowman |
| v. | : | |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

**ORDER OVERRULING OBJECTIONS (Doc. 18), ADOPTING REPORT AND
RECOMMENDATION (Doc. 16), AND TERMINATING CASE**

This action is before the Court on Magistrate Judge Stephanie K. Bowman's Report and Recommendation (Doc. 16). Magistrate Judge Bowman recommended that the Court find that the administrative law judge's finding of non-disability be affirmed because it is supported by substantial evidence. (*Id.* at PageID 1245, 1259.) Plaintiff Tess Rhodus filed objections (Doc. 18). This case is ripe for the Court's review.

Rhodus uses her objections to rehash the same arguments she raised before Magistrate Judge Bowman. She claims the ALJ erred in weighing the opinion evidence of her primary physician and physical therapist. These same arguments were thoroughly considered before Magistrate Judge Bowman rejected them. Objections to magistrate judges' reports and recommendations are not meant to be vehicles for rehashing arguments that the magistrate judge already considered. *Nickelson v. Warden, Chillicothe Corr. Inst.*, No. 1:11-CV-00334, 2012 WL 700827, at *4 (S.D. Ohio Mar. 1, 2012). Such

objections fail to identify any specific errors in the magistrate judge's report and recommendation. *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013). Instead, objections that recite arguments made to the magistrate judge effectively duplicate the functions of the district court "as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

Nonetheless, as required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon review, the Court finds that Rhodus's objections are not well-taken and are accordingly **OVERRULED**. The Court **ADOPTS** the Report and Recommendation (Doc. 16) in its entirety and finds that the ALJ's decision is **SUPPORTED BY SUBSTANTIAL EVIDENCE** and **AFFIRMED**. Accordingly, this case is **CLOSED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND